UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DR. GERALD FINKEL, AS CHAIRMAN OF
THE JOINT INDUSTRY BOARD OF THE
ELECTRICAL INDUSTRY,

                Plaintiff,

- against -

GENERGY ELECTRIC SERVICES COMPANY,
LLC, LEIGHTON GREENIDGE, and MICHAEL
NICKLOUS,

                Defendants.
-----------------------------------------------------------X

**AMENDED MEMORANDUM & ORDER**
08-CV-0446 (RRM)(SMG)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 1 5 2012 ★
BROOKLYN OFFICE

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff commenced this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover delinquent contributions from Genergy Electric Services Company ("Genergy") and two of its principals, Leighton Greenidge and Michael Nicklous, alleged to be due and owing for various time periods in 2007 and 2008. Upon plaintiff's application and in light of defendants' failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendants on October 26, 2009. (Doc. No. 18.) This Court then referred the matter to the assigned Magistrate Judge, Honorable Steven M. Gold, for a Report and Recommendation (the "R&R") in accordance with 28 U.S.C. § 636(b).

On August 24, 2010, Judge Gold issued an R&R recommending that plaintiff be awarded judgment. (Doc. No. 21.) Judge Gold reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due 14 days from the date of the R&R, and directed plaintiff to serve a copy of the R&R on defendants. Plaintiff filed proof of service on defendants via certified mail on August 24, 2010. (Doc. No. 22.)

Plaintiff submitted objections to the R&R on December 17, 2010.[1] (Doc. No. 29.) Plaintiff objected to the portions of the R&R, which recommend that this Court deny plaintiff's claim for certain amounts it seeks in damages for "uncollected checks," and that interest be calculated from an "intermediate date" rather than the dates upon which the contributions became due. Defendants have not filed objections to the R&R. Having reviewed the R&R and plaintiff's objections, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

A district court may refer certain matters to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1). The district court may then adopt those portions of a magistrate judge's report and recommendation to which no objections have been made, provided the recommendations are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Deleon v. Strack*, 234 F.3d 84, 86–87 (2d Cir. 2000). The district court is not required to review factual findings or legal conclusions to which no party interposes an objection. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court, however, must consider *de novo* any portion of a report and recommendation to which a timely objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also United States v. Raddatz*, 447 U.S. 667, 674–75 (1980).

"Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." *Raddatz*, 447 U.S. at 674–75. Regardless of whether proper objections have been filed, the district court may, after review, "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 646(b)(1); *see also* Fed. R. Civ. P. 72(b).

---

[1] Plaintiff was granted several extensions of time to file objections to the R&R.

As to all portions of the R&R to which no objections have been made, the Court concludes that the R&R is not clearly erroneous. *See Pizarro v. Barlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The plaintiff's objection regarding the amounts included in the Amended Complaint not served on Genergy and the calculation of interest from the dates upon which the contribution amounts became due, as opposed to calculation of interest from a reasonable intermediate date, are overruled.[2] Accordingly, it is hereby ORDERED that plaintiff's motion for default judgment (Doc. No. 17) is GRANTED as follows

## CONCLUSION

Judgment shall enter against Genergy and Greenidge jointly and severally in the following amounts, based on contributions that became due after the stipulation was executed:

- $256,671.65 in unpaid contributions;
- $716.81 in interest on late payments;
- liquidated damages in the amount of $47,754.53; and
- $9,174.12 in attorneys' fees and costs.
- the total amount of this portion of the judgment should reduced by $27,306.78, the amount held in escrow by plaintiff.

The Clerk of the Court shall, at the time of judgment, calculate the following interest, for which Genergy and Greenidge should also be held jointly and severally liable:

- interest on the $250,555.32 in unpaid contributions excluding the NEBF at the rate of five percent per annum, beginning from August 1, 2008; and

---

[2] Plaintiff objects to the interest calculation, claiming that interest must be calculated from individual dates upon which amounts become due where those dates and amounts can be ascertained, *Spodek v. Park Prop. Dev. Assoc.*, 96 N.Y.2d 577 (2001). However, plaintiff failed to set forth the dates and amounts the Court should use to calculate interest, and as such, the calculations done by the Magistrate Judge are reasonable and proper.

- interest on the $6,116.33 in unpaid NEBF contributions at the rate of ten percent compounded monthly, also beginning from August 1, 2008.

In addition, judgment shall enter against Genergy and Greenidge jointly and severally in the following amounts, pursuant to the Stipulation:

- $112,910.93 against Greenidge and $78,490.71 against Genergy in unpaid principal;
- liquidated damages in the amount of $22,582.19 against Greenidge and $15,698.14 against Genergy.

The Clerk of the Court shall, at the time of judgment, calculate the following interest on the amounts due under the Stipulation:

- interest on the $112,910.93 against Greenidge and $78,490.71 against Genergy at the rate of five percent per annum, beginning from May 7, 2008.

Finally, judgment shall enter against Nicklous jointly and severally in the amount of $100,000.

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Order and the judgment to defendants, and close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 14, 2012

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge